[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10893

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUSTIN LAVAR MORROW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00399-SCB-TGW-1

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Justin Lavar Morrow, a federal prisoner proceeding *pro se*, appeals following the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018.[1]  He argues that the district court erred in determining that his combined factors did not constitute an extraordinary and compelling reason for compassionate release.  He asserts that § 1B1.13 only applies to motions filed by the Director of the Bureau of Prisons ("BOP").  He also argues that the district court's passing reference to the 18 U.S.C. § 3553(a) factors was insufficient.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *cert. denied*, 2021 WL 5763191 (U.S. Dec. 6, 2021).  After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  An abuse of discretion occurs when a district court applies an incorrect legal standard, applies the law in an incorrect or unreasonable fashion, fails to follow proper procedures in making a determination, or makes clearly erroneous factual findings. *Id.*  It is the defendant's burden to show that his circumstances

---

[1] Pub. L. No. 115-391, 132 Stat. 5192, 5239 (Dec. 21, 2018) ("First Step Act").

warranted a reduction. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

*Pro se* pleadings will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). An appellant abandons a claim when he fails to plainly and prominently raise it on appeal, makes only a passing reference to it, or presents it in a perfunctory manner without authority or argument in support. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). In 2018, Congress enacted the First Step Act, which, in part, amended § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603. The statute provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c).

In the context of compassionate release, the statute provides that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the

term of imprisonment . . . *after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable*, if it finds that—*extraordinary and compelling reasons* warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i) (emphasis added).

The § 3553(a) factors include, among other things, the nature and circumstances of the defendant's offense, his history and characteristics, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Section 3582(c)(1)(A) also requires that any reduction be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) "other reasons." *Id.*, cmt. (n.1(A)–(D)). If there are "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable § 3553(a) factors. *Id.*

In addition to determining that extraordinary and compelling reasons warrant a reduction, § 1B1.13 states that the district court must also determine that the defendant is not a danger to the safety of others or to the community, as provided in 18 U.S.C.

§ 3142(g), and that the reduction is consistent with the policy statement. *Id.*

In *Bryant*, decided both after the district court's denial of compassionate release and after Morrow filed his initial brief, we held that § 1B1.13 was applicable to all motions filed under that statute, including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with the categories of "extraordinary and compelling reasons" contained in § 1B1.13, as set forth above. *Bryant*, 996 F.3d at 1254-62. We also held that "Application Note 1(D) [did] not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248.

In *United States v. Cook*, 998 F.3d 1180 (11th Cir. 2021), we held that a district court, in addition to determining whether a movant had offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in § 1B1.13, must also consider "all applicable" § 3553(a) factors. *Id.* at 1184. Although the district court need not exhaustively analyze every factor in its order, it must provide enough analysis for meaningful appellate review. *Id.* At a minimum, we must be able to understand from the record how the district court arrived at its conclusion, including what factors it relied upon. *Id.* at 1185. The weight due to each § 3553(a) factor lies within the district court's sound discretion, and we will not substitute our judgment for that of the district court. *United States v. Joseph*, 978 F.3d 1251, 1266 (11th Cir. 2020).

A district court is not required to conduct the compassionate release analysis in any particular order and because all three findings required by § 3582(c)(1)(A) are necessary conditions for granting release, the absence of even one forecloses a sentence reduction. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021).

As an initial matter, Morrow's arguments—that § 1B1.13 is only applicable to BOP-filed motions and that a combination of factors support his release under § 1B1.13 cmt. n.1(D)—are foreclosed by our decision in *Bryant*. *See Bryant*, 996 F.3d 1243.

The district court did not err in in determining that COVID-19, high blood pressure, and prison conditions did not constitute extraordinary and compelling reasons because his condition was managed with medication and FCI Jesup had a low number of confirmed COVID-19 cases. As to family circumstances, Morrow has arguably abandoned any argument that the district court erred as to this determination. Even if he had implicitly preserved this argument, the district court did not err in determining that he failed to establish an extraordinary and compelling reason for release because he failed to show that his parents were elderly or that there were no other suitable caregivers for his son. Nor did the district court abuse its discretion by denying Morrow's motion based on the § 3553(a) factors. The district court's analysis was sufficient to allow us to understand how it determined that the § 3553 factors weighed against granting his motion because it considered the

nature of Morrow's offense, his classification as a career offender, his sentencing history, his post-sentencing rehabilitation, and the fact that he had only served 60% of his total sentence. Accordingly, we affirm.

**AFFIRMED.**